UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CURTIS PACKER And
LORRAINE DENARO

CIVIL ACTION NO:
3:04 CV 1506 MRK

V.

SN SERVICING CORPORATION
SN COMMERCIAL, LLC
INGOMAR LIMITED PARTNERSHIP
WELLS FARGO FOOTHILL, INCORPORATED          JUNE 11, 2007

## RULING ON DEFENDANTS' MOTION TO COMPEL PAYMENT OF DISCOVERY COSTS (DOC. # 138)

By motion dated April 17, 2007 **(Doc. # 138)**, Defendants SN Servicing Corporation. SN Commercial, LLC and Ingomar Limited partnership have moved for an order compelling Plaintiff Curtis Packer and Lorraine Denaro to pay, pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i), the costs of their discovery of Defendants' expert witnesses by way of depositions and document requests. For the reasons stated below, Defendants' motion is **GRANTED IN PART and DENIED IN PART.**

### A.   The Claims in the Case

In their 72 page, 230 paragraph Amended Complaint dated January 18, 2005 and filed on March 3, 2005, Plaintiff Curtis Packer alleges that in December 1992, he purchased real property on Blatchley Avenue in New Haven, Connecticut and that Plaintiffs Packer and Lorraine Denaro borrowed $77,600 from The Bank of New Haven, secured by a mortgage, in connection with that purchase. Plaintiffs also allege that in June 1994, they purchased real property on Elm Street in New Haven, Connecticut and that in November 1995 they borrowed $57,000 from The Bank of New Haven, secured by a mortgage on that

property. Plaintiffs allege that in March, 1997, Citizens Bank of Connecticut became the holder of these notes and mortgages. Plaintiffs further allege that in 2001, Citizens Bank refused to accept payments on these notes and Plaintiff Packer was informed by Defendant SN Servicing Corporation that it was the agent for Defendant SN Commercial, LLC, which was the assignee of the notes. Plaintiffs allege that Defendants failed to provide them with information as to who was the holder of the notes; that invoices sent to Plaintiffs were incorrect; and that Defendants failed to provide them with timely payoff amounts. Plaintiffs allege that in July 2002, Defendant Ingomar Limited Partnership commenced foreclosure actions with respect to the two properties, alleging that it was the owner and holder of the notes and mortgages. Plaintiffs also allege that the Defendants failed to record the assignments of the notes and mortgages on a timely basis and failed to provide payoff statements within the time set forth in Conn. Gen. Stat. § 49-10a.

Plaintiffs allege that as a consequence of Defendants' actions, they incurred additional interest, costs and expenses in defense of the foreclosure actions, they were denied their right to make timely payment or discharge of their debts, were subjected to unnecessary costs and expenses and emotional distress which led to loss of income to the point where Plaintiff Packer could not make payments on his other obligations, and that Plaintiffs lost the benefit of the bargain and the gain from the possible sale of the property.

Plaintiffs also allege that Plaintiff Packer knew that not being allowed to pay his mortgages while ready, able and willing to so, could have dire results and, as a result, began to sink into depression which resulted in his not being able to function properly which, in turn, resulted in mismanagement of his properties and caused him to expend his resources to the point where he could no longer make payments on his other obligations.

(Amended Complaint ¶¶ 151-156, 189, 196, 204, 206, 221). He also alleges that he suffered severe emotional distress (Amended Complaint § 226).

**B.    Defendants' Motion to Compel Payment of Discovery Costs**

In its motion to compel payment of discovery costs, Defendants seek an order, pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i) to compel payment of the costs they incurred as a result of Plaintiffs' discovery of two experts identified by Defendants to testify on the issue of Plaintiff Packer's emotional condition. These experts were Dr. Peter Zeman, a psychiatrist, and Dr. Frank Stoll, Ph.D., a forensic psychologist. Defendants delivered reports from Dr. Zeman and Dr. Stoll to Plaintiffs counsel on December 1, 2006 and produced some documents to Plaintiffs in connection with those expert reports. On February 14, 2007, Dr. Zeman and Dr. Stoll were served by Plaintiffs with subpoenas for their deposition and asking for the production of documents. Dr. Zeman and Dr. Stoll were examined on March 1 and 2, 2007.

Defendants seek costs of $4,500 with respect to the deposition of Dr. Zeman and $6,195.00 with respect to the deposition of Dr. Stoll. The declaration and invoice of Dr. Zeman submitted by Defendants shows the following charges:

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 2/26/2007 | Document Review | 1 | 350.00 | 350.00 |
| 2/27/2007 | Document Review | 3 | 350.00 | 1,050.00 |
| 2/28/2007 | Document Review | 1 | 350.00 | 350.00 |
| 3/1/2007 | Professional Conference | 1 | 350.00 | 350.00 |
| 3/1/2007 | Deposition | 3 | 400.00 | 1,200.00 |
| 3/2/2007 | Deposition | 3 | 400.00 | 1,200.00 |
| | | | Total: | 4,500.00 |

Dr. Zeman's declaration states that his "hourly fee for all forensic psychiatric work is $350 per hour except for the hourly fee for testimony at deposition or trial, which is $400 per

hour." The declaration and statement of Dr. Stoll submitted by Defendants shows the following:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 2/27/2007 | Document Review | 3.15 | $ 945.00 |
| 2/28/2007 | Professional Conference | 3.00 | 900.00 |
| 2/28/2007 | Report Preparation | 2.00 | 600.00 |
| 3/1/2007 | Professional Conference | 1.50 | 450.00 |
| 3/1/2007 | Deposition | 5.00 | 1,500.00 |
| 3/1/2007 | Document Review | 0.50 | 150.00 |
| 3/2/2007 | Deposition | 4.75 | 1,425.00 |
| 3/2/2007 | Document Review | 0.75 | 225.00 |
| | | Total: | $6,195.00 |

All of Dr. Stoll's time was billed at $300.00 per hour. In his declaration, Dr. Stoll states: "My customary fee for examining patients and parties is $200 per hour. My customary fee for work connected with depositions and trial testimony is $300 per hour."

In a letter dated April 15, 2007 referred to in Plaintiffs' Objection to the SN Defendants' Motion to Compel Payment of Discovery Costs, Plaintiffs did not challenge the hourly rates charges by either Dr. Zeman or Dr. Stoll. They did, however, challenge Defendants' right to recover for the time spent responding to their document subpoenas, the reasonableness of the time spent in preparation, the time actually involved in Dr. Zeman's deposition and whether Defendants are entitled to compensation for collecting and reviewing documents and for preparation for the deposition or conferences with Defendants' counsel.

C. **Legal Standards**

Rule 26(b)(4)(C)(i) of the Federal Rules of Civil Procedure provides:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a

> reasonable fee for time spent in responding to discovery under this subdivision. . . .

Fed. R. Civ. P. 26(b)(4)(C)(i). Rule 26(a)(2)(A) and (B) provide:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involved giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The party seeking reimbursement pursuant to Rule 26(b)(4)(C) bears the burden of establishing the reasonableness of the fees sought. Constellation Power Source, Inc. v. Select Energy, Inc., 2007 WL 188135, at *7 (D. Conn. Jan. 23, 2007) (Kravitz, J.). As noted by this Court in Constellation Power Source, "[c]ourts are divided on whether Rule 26(b)(4)(C) permits a court to compensate a party for the time its expert spent in preparing for his deposition." Id. at *8. One court has noted that "district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C)." New York v. Solvent Chem. Co, Inc., 210 F.R.D. 462, 471 (W.D.N.Y. 2002) (citing decisions). As this Court concluded in Constellation

Power Source, "[w]hile there are good arguments on both sides of this issue, the text of the rule, which is not limited to the time spent in a deposition, but rather is more broadly phrased to include 'time responding to discovery,' suggests that a court may allow recovery of deposition preparation cost." Id. at 8.

Concerning the amount of preparation time that should be compensated, "there is also great risk of abuse in compensating a party for his expert's deposition preparation time, since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert." Id. In Constellation Power Source, this Court limited compensation for preparation to the number of hours actually spent in the deposition. Id. See also Flaherty v. Connecticut, 2006 WL 4475013 (D. Conn. Aug. 23, 2006) (allowing compensation for 12 hours of preparation for a 4 hour deposition or approximately a ratio of three-to-one); McCulloch v. Hartford Fire and Accident Ins. Co., 2004 WL 2601134, at *2 (D. Conn. Nov. 10, 2004) (limiting compensation for two hours of deposition preparation where the party retaining the expert claimed that the expert spent 20.7 hours in preparation and reviewed over 12,000 pages of documents and 14 deposition transcripts for an 8 hour deposition); Fee v. Great Bear Lodge of Wisconsin Dells, LLC, 2005 WL 1323162, at *3 (D. Minn. 2005) (allowing compensation at a two-to-one ratio of time spent preparing to the length of the deposition testimony); Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 93 (N.D.N.Y. 2004) (allowing compensation for 1-1/2 hours of preparation for a 3-1/2 hour deposition); Abundiz v. Explorer Pipeline Co., 2004 WL 116402, at *4 (N.D. Tex. May 24, 2004) (allowing compensation for four hours of preparation for a seven hour deposition); Boos v. Prison Health Services, 212 F.R.D. 578, 580 (D. Kan. 2002) (allowing compensation for 3.5 hours of preparation time for an hour and a half deposition); Collins v. Village of Woodbridge, 197 F.R.D. 354, 358 (N.D. Ill. 1999) (holding that a three-to-one

ratio of preparation time was not reasonable, but that a ratio of one and one-half times the length of the deposition was reasonable); Mock v. Johnson, 218 F.R.D. 680, 683 (D. Haw. Nov. 10, 2003) (allowing compensation for one hour of preparation for a two hour deposition).

Although there is contrary authority, a number of courts, including those in this district, have allowed compensation for preparation time at the same rate as for time spent in the deposition, at least where the expert charges at the same rate for both activities. See McCulloch v. Hartford Life and Accident Ins. Co., 2004 WL 2601134, at *2 (D. Conn. Nov. 10, 2004) (allowing compensation for preparation time at same rate as deposition time, but limiting compensable preparation time to 2 hours for an 8 hour deposition); Flaherty v. Connecticut, 2006 WL 4475013 (D. Conn. Aug. 23, 2006) (allowing compensation for preparation time at same rate as deposition time). See also Top Tobacco, L.P. v. North Atlantic Operating Co., 2002 WL 149220, at *9 (N.D. Ill. Apr. 17, 2007) (compensating preparation time and deposition time at same rate); Abundiz v. Explorer Pipeline Co., 2004 WL 1161402, at *4 (N.D. Tex. May 24, 2004) (same). But see 6 James Wm. Moore, et al, Moore's Federal Practice § 26.80[3] (3d ed. 2007) ("When an expert is compensated for preparation time. . . it may be at a lesser rate than that permitted for the time spent at the deposition."); Johnson v. Kraft Foods North America, 2007 WL 734956, at *4 (D. Kan. Mar. 7, 2007) (allowing compensation for deposition time at rate of $500 per hour, but allowing only $350 per hour for preparation time); Boos v. Prison Health Services, 212 F.R.D. 578, 579 (D. Kan. 2002) (holding that expert was entitled to a "more reasonable fee" of $200 per hour for preparation time rather than the $500 charged by the expert for deposition time).

Finally, there is an issue as to whether time spent responding to subpoenas seeking documents relating to the expert's testimony is compensable. Fed. R. Civ. P. 26(a)(2)(B) requires an expert's report to include "the date or other information considered by the expert in forming the opinions [and] any exhibits to be used as a summary of or support for the opinions. . ." Numerous decisions hold that documents considered by the expert in forming the opinions are required to be produced by reason of Rule 26 (a)(2)(B). See, e.g., S.E.C. v. Reyes, 2007 WL 1100326 (N.D. Cal. Apr. 10, 2007); Dyson Technology Limited v. Maytag Corp., 241 F.R.D. 247, 251 (D. Del. 2007) ("Courts have defined the term "considered" broadly to include materials that an expert reviews, reflects upon, reads, and/or uses."); Estate of Manship v. U.S., 236 F.R.D. 291, 295 (M.D. La. 2006) ("testifying experts. . . must provide not only their written reports but also the material that they considered in forming their. . . opinions. . . ."). Because Rule 26 (a)(2)(B) requires the party designating the expert to produce the documents described, it does not appear that the expert should be compensated under Rule 26(b)(4)(C)(i) for collecting those documents in response to a deposition subpoena if they have not previously been provided by the party designating the expert. But see Fisher-Price, Inc. v. Safety 1st, Inc., 217 F.R.D. 329, 331-32 (D. Del. 2003) (holding expert's time spent responding to subpoenas seeking documents was compensable). Defendants cite two decisions in support of their assertion that "the cost of gathering the voluminous documents requested in connection with Dr. Stroll's and Dr. Zeman's depositions by way of subpoenas. . . are clearly awardable." (Defs. Mem. in Support dated April 17, 2007 at 4). However, neither decision cited so holds. Hurst v. United States, 123 F.R.D. 319 (D. S. D. 1988); Mock v. Johnson, 218 F.R.D. 680 (D. Haw. 203).

8

Based on these authorities, it appears that: (1) a party should be compensated pursuant to Fed. R. Civ. P. 26 (b)(4)(C)(i) for the reasonable time spent by an expert in preparation for his deposition, but such time should not exceed the duration of the deposition itself; (2) the expert's time spent in preparation may be compensated at the same rate as the time spent actually being deposed; and (3) the time spent collecting documents within the scope of documents required to be produced pursuant to Fed. R. Civ. P. 26(a)(2)(B) in connection with an expert's report should not be compensated.

### D.  Compensation Regarding Dr. Zeman and Dr. Stoll

Dr. Zeman's declaration states: "Pursuant to the subpoena served upon me by Attorney Rini, I conducted extensive document review to comply with the subpoena, [and] spent time conferring with attorney Joseph Mole in preparation for my deposition. . . ." His work shows 5 hours for "Document Review" and 1 hour for "Professional Conference" in addition to the hours being deposed. From a review of the document subpoena served on Dr. Zeman, it is not evident that the subpoena seeks documents significantly more extensive than those required to be produced pursuant to Fed. R. Civ. P. 26(a)(2)(B). It is Defendants' burden to establish the reasonableness of its request for compensation. Based on the materials submitted, it has not been established that the time spent by Dr. Zeman in his "extensive document review to comply with the subpoena" was compensable preparation for his deposition. The one hour of preparation with Defendants' counsel and the six hours spent being deposed are compensable. Dr. Zeman charged a lower rate ($350/hour) for preparation time than for deposition time ($400/hour) and Plaintiffs' do not challenge the reasonableness of the rate charged. Therefore, Plaintiffs' should compensate Dr. Zeman for one hour of preparation time at $350 per hour and six hours of deposition time at $400 per hour for a total of $2,750.00.

Dr. Stoll's declaration states that '[a]fter reviewing the subpoena. . . I conducted a review of my files connected to this matter in order to produce documents requested by Mr. Packer [and] [o]n February 28, 2007, I conferred with Attorney Joseph Mole and Dr. Peter Zeman, the expert psychiatrist in this matter in order to prepare for my deposition." He also declared that '[p]ursuant to request made by Attorney Joseph Rini, during the first day of deposition, I conducted further document review in order to prepare for my second day of deposition, and in order to satisfy Mr. Rini's request for further information during my deposition. As with Dr. Zeman, it does not appear that Dr. Stoll's document review in order to respond to Plaintiffs' subpoena should be compensated.

Defendants' counsel, in response to an inquiry from the Special Master, has represented that the entry for "Report Preparation" on February 28, 2007 for 2.0 hours should have referred to deposition preparation. The "Document Review" entries for March 1 and March 2, 2007 appear to be both for preparation and to respond to further requests from Plaintiffs counsel and, thus, appear to be compensable. All of this preparation time, after the time spent collecting documents to respond to Plaintiffs' subpoena is excluded, totals 7.75 hours. There was a dispute concerning the duration of the deposition. Dr. Stoll's declaration states the duration as 9.75 hours. Plaintiffs' counsel asserts that it took no more than 7 hours. In response to an inquiry from the Special Master, Counsel for Defendants has confirmed that 7 hours is correct. The 7.75 hours relating to deposition preparation excluding the time spent collecting documents responsive to Plaintiffs' subpoena exceeds the time actually spent being deposed. The amount of compensable preparation time will be limited to 7.0 hours. This was also appropriate because it is not clear how much time was spent on March 1 and March 2, 2007 on preparation and how much was spent collecting documents that should have been provided.

Concerning the rate charged by Dr. Stoll, his declaration states: "My customary fee for examining patients and parties is $200 per hour. My customary fee for work connected with depositions and trial testimony is $300 per hour." Dr. Stoll's invoice charged $300 per hour for all of the work he did for which compensation is sought. This appears to be reasonable. Plaintiff's do not challenge the reasonableness of the $300 per hour rate charged for his deposition. Therefore, Plaintiff should compensate Dr. Stoll for 7 hours of deposition time and 7 hours of preparation time at a rate of $300 per hour for a total of $4,200.00.

E.    **Request for Sanctions**

In their motion, defendants request sanctions in the form of reimbursement of Defendant for the cost of filing their motion. Defendants' request for sanctions is denied because: (1) it appears that Defendants' motion was filed prematurely in that the conference on April 3, 2007 referred to in the Affidavit of counsel in compliance with Fed. R. Civ. P. 37(a)(2) and Local Rule 37(a)(2) took place prior to the time that Defendants had presented Defendants with final statements from Dr. Zeman and Dr. Stoll and negotiations concerning payment of those costs were ongoing at the time Defendants' filed their motion; (2) there were significant errors and ambiguities in the declarations and invoices of Dr. Stoll; (3) the amount held to be due Dr. Zeman and Dr. Stoll pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i) was significantly less than the amount sought by Defendants; and (4) Plaintiffs' position in refusing to pay the full amount sought by Defendants was not unreasonable.

**CONCLUSION**

Defendants' Motion to Compel Payment of Discovery Costs **(Doc. # 138)** dated April 17, 2007 is **GRANTED IN PART** and **DENIED IN PART**. Defendants are ordered to

compensate Dr. Peter Zeman in the amount of $2,750 in connection with his deposition in this matter and are ordered to compensate Dr. Frank Stoll, Ph.D. in the amount of $4,200.00 in connection with his deposition in this matter.

Pursuant to Fed. R. Civ. P. 53(g)(2) and the order of this Court dated November 6, 2006 any party may file objections to -- or a motion to adopt or modify -- this Ruling no later than 20 days from the time this Ruling is served.

SO ORDERED at New Haven, Connecticut, this 11th day of June, 2007.

_____
David L. Belt, Special Master